AMERICAN SURETY COMPANY OF NEW YORK *v.* BOYKIN.

Division A. Oct. 15, 1951.

No. 38046 (54 So. (2d) 398)

312

Farish, Keady & Campbell, for appellant.

314

Wright & Glazier and Brunini, Everett, Grantham & Quin, for appellee.

316

**McGehee, C. J.**

The insurance carrier of the Long Staple Gin Company, under the Workmen's Compensation Act, Chapter 354, Laws of 1948, which was amended by Chapter 412, Laws of 1950, has challenged by this appeal the power of the Mississippi Workmen's Compensation Commission to order a partial commutation of the weekly compensation payments allowed to Mrs. G. P. Boykin as a dependent of her son who was injured and died as a result of an accident arising out of and in the course of his employment while working for the said gin company.

The partial commutation of the future compensation payments was to the extent of requiring the attorney's fee of $750 to be paid from the weekly payments last to become due the claimant; and the final order of the Commission which was appealed to, and affirmed by, the circuit court provided that the "partial lump sum settlement in the total amount of $750 be paid immediately by carrier to claimant, said amount to be paid in accordance with Section 13(j) of the Mississippi Workmen's Compensation Law, said total amount less the four per cent (4%) discount compounded as allowed by the Act to be deducted from future compensation payments to be last due the claimant, so as not to interrupt the continuity of compensation payments now or hereafter being made."

The order appealed from recites that the Workmen's Compensation Commission was of the opinion that "it will be to the best interest of claimant that the partial lump settlement be made."

Neither the liability of the carrier for the allowance of $10.80 in weekly installments to the dependent mother of the deceased employee nor the reasonableness of the attorney's fee is in question. The contention of the appellant is that since the accident occurred on September 30, 1949, and the award to the dependent was made for the weekly payments on December 8, 1949, the Commission had no power to require a lump sum payment of the future compensation payments, either in whole or in part, for the mere purpose of paying the attorney's fee allowed, for the reason that the original Act then in force did not so provide; that the Commission was also without power on May 29, 1950, to order a lump sum settlement of the attorney's fee from payments last to become due the claimant, since the provision of Chapter 412, contained under subsection (c) of Section 26 of the Laws of 1950, which was approved on April 6, 1950, has no retroactive effect as to claims which arose prior to the passage of the latter act.

The title of the said amendatory statute of 1950 recites its purpose as being "to liberalize and clarify the workmen's compensation law, * * *'' meaning Chapter 354, Laws of 1948.

The provision of subsection (c) of Section 26 of Chapter 412, Laws of 1950, hereinbefore referred to reads as follows: "When an award of compensation becomes final, and an attorney fee is outstanding, a partial lump sum settlement sufficient to cover the attorney fee approved therein by the commission shall be made immediately, from payments last to become due, and the deductions allowed by the law shall be borne equally by the attorney and the client."

Subsection (j) of Section 13, Chapter 354, Laws of 1948, provides: "Whenever the commission determines that it is for the best interests of a person entitled to compensation, the liability of the employer for compensation, or any part thereof as determined by the commission, may be discharged by the payment of a lump

sum equal to the present value of future compensation payments computed, computed at four per centum (4%) true discount compounded annually. The probability of the death of the injured employee or other person entitled to compensation before the expiration of the period during which he is entitled to compensation shall be determined in accordance with the American Experience Table of Mortality, * * *''.

Subsection (k) thereof provides that ''If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due.''

██ We do not think that the provision of subsection (c) hereinbefore quoted from Section 26 of Chapter 412 of the Laws of 1950 has any reference to subsection (k) of Section 13 of Chapter 354 of the Laws of 1948, for the reason that it seems clear that said subsection (k) has reference to advance payments of compensation made by the employer to render temporary assistance to an employee or his dependent, pending the determination of the claim for compensation, and for which advance payments the employer would be entitled to be entirely reimbursed by the employee or his dependent, since there is no reason why any deductions from the payments, when allowed, ''shall be borne equally by the attorney and the client,'' the attorney receiving no benefit from such advance payments.

██ We have reached the conclusion that subsection (j) of Section 13, Chapter 354, Laws of 1948, fully authorized the Commission, if it thought it was for the best interest of the person entitled to compensation, to commute any part of the future compensation payments into a lump sum, either for the use of the employee or his dependent, as the case may be, or for the purpose of paying the attorney's fee, since we are unable to say that it is not for the best interest of the person entitled to the compensation that he be enabled to seasonably pay his attorney's fee, since Section 21 of the said Act pro-

vides for the continued jurisdiction of the commission to terminate, continue, reinstate, increase or decrease such compensation on the ground of a change in condition or because of a mistake in a determination of fact, within certain limitations, and which means that the attorney must stand by in readiness to protect the interest of his client as to any change that may be applied for by either party as to the previous award.

 A liberal construction of the said subsection (j) of Section 13 of that Act would require that the meager allowance of $10.80 per week to either an employee or his dependent should not be consumed in whole or in part in the payment of a commuted attorney's fee so far as the future payments first to accrue are concerned, if the Commission should find that it is to the best interest of the person entitled to the compensation that a partial lump sum settlement should be charged to the last payment to become due, and especially in view of the provision in the said subsection (j) to the effect that the present value of future compensation payments are to be computed, if at all, "at four per centum (4%) true discount compounded annually", and also in view of the further provision that "The probability of the death of the * * * person entitled to compensation before the expiration of the period during which he is entitled to compensation shall be determined in accordance with the American Experience Table of Mortality * * *".

 The above two provisions would serve to take care of the objection urged in the case at bar that, to require the attorney's fee to be paid out of the last payments to become due, would mean that the carrier might be compelled to thereby meet the payments for the entire period, even though the employee or dependent may die before the expiration of the period during which he is entitled to compensation.

Since an attorney's fee is part of the award to be made under the Workmen's Compensation Act in the sense

that it is to be paid out of the amounts allowed, we are of the opinion that subsection (j) of Section 13, Chapter 354, Laws of 1948, gave to the Commission the power to adopt the order appealed from and that the provision of subsection (c) of the amendatory act of 1950 hereinbefore referred to is merely declaratory of, and intended to clarify, if need be, the power which theretofore existed; that the authority granted by the said subsection (c) does not increase or diminish the liability of the employer or its insurance carrier.

The case of Woodward Iron Company v. Bradford, 206 Ala. 447, 90 So. 803 is not in conflict with our holding in the present case. In that case the Alabama Workmen's Compensation Law would not permit a death claim to be commuted, in whole or in part, without the consent of the party or parties, which included the employer as well as the dependents, and such consent had not in that case been obtained. Nor did the statute contain the provisions hereinbefore referred to which appear in subsection (j) of Section 13 of Chapter 354 of our Workmen's Compensation Act of 1948. We, of course, recognize the correctness of the rule announced in 58 Am. Jur. 599, Section 33, that legislative enactments, in the absence of a clearly expressed intent to the contrary, shall be deemed to be prospective, and not retroactive, in respect of a matter of substantive right as to liability on claims arising by reason of prior death of an injured employee, but we are of the opinion that the power exercised in the case at bar already existed under the provision of the Workmen's Compensation Act of 1948 hereinbefore discussed.

The judgment of the circuit court in approving the order of the Commission appealed from must therefore be affirmed.

Affirmed.