T. H. MASTIN & Co. *v.* RUSSELL, et al.

June 9, 1952.

No. 38419 (59 So. (2d) 321)

Henry Mounger, and **Watkins & Eager,** for appellant.

Grayson B. Keaton, for appellee.

704

Roberds, P. J.

The main question for determination in this case is whether appellant was a compensation insurer for the benefit of Noah Russell at the time of his death May 26, 1951, as an employee of Rube Morris. The attorney-referee, the full commission and the circuit court held that appellant was such an insurer, and this appeal is from those holdings. The question arises under these circumstances:

Morris was operating a sawmill. Russell was his employee. Russell came to his death as a result of an accident in the line of duty. Beginning January 24, 1950, appellant issued to Morris five successive binders, each for fifteen days, the last expiring at midnight April 8, 1950. By such binders the insurer acknowledged itself "* * * bound by a liability insurance undertaking", under the Mississippi Workmen's Compensation Law. Chapter 354, General Laws of Mississippi 1948 page 507. The binder method of insurance was adopted instead of issuance of·a regular policy because Morris was undertaking to procure boiler in-

surance. On March 18, 1950, Morris wrote appellant that the inspector for the boiler insurance carrier had disappoved the boiler risk and the boiler insurance had been cancelled. On March 30, 1950, appellant wrote Morris, saying the binder it had sent to Morris under date March 22 "covering your operations under the Mississippi Compensation Law" would expire at midnight April 8, 1950, ".and we wish to advise that we will not be in a position to renew the binder upon expiration, or to write coverage for you at this time, as we understand that you are unable to obtain boiler insurance." The binder also stated it would expire at midnight of April 8, 1950. Near the beginning of the negotiations between Morris and appellant for issuance of said insurance Morris had deposited with appellant $614, estimated premium for four months. Some ten days before the accident which resulted in the death of Russell, the insurer audited the payrolls of Morris and retained out of such deposit the sum of $356.89 to pay the premiums for the insurance covered by the binders.

The Workmen's Compensation Commission had never been notified, either by Morris or appellant, that Morris had any workmen's compensation insurance, and no notice was given the commission by either party of the expiration of the binder contract, or that the insurance would not be renewed. It is admitted that at the time of the death of Russell no liability insurance existed as between Morris and appellant, but it is contended by appellee, the claimant herein, that such insurance did exist as between appellant and the claimant because of the failure of the insurer to give thirty days' notice to the commission, as required by Section 33 of the Workmen's Compensation Law and by Rule 5 of the commission, that the binder insurance contract would terminate on April 8, 1950, and would not be renewed. The attorney-referee, the full commission and the circuit court held that the insurance was in force on May 26, 1951, when Noah Russell was killed.

We quote the applicable part of said Section 33: "every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of this act, and provisions thereof inconsistent with the act shall be void. Such contract shall be construed to grant full coverage of all liability of the assured under and according to the provisions of the act, notwithstanding any agreement of the parties to the contrary unless the insurance department has theretofore by written order specifically consented to the issuance of a policy on a part of such liability. No such policy shall be cancelled within the policy period until a notice in writing shall be given to the commission and to the assured, fixing the date on which it is proposed to cancel it, or declaring that the company does not intend to renew the policy upon expiration date, such notices to be served personally or by registered mail on the commission at its office in Jackson, and upon the assured. No such cancellation shall be effective until thirty (30) days after the service of such notice, unless the employer has obtained other insurance coverage, in which case such policy shall be deemed cancelled as of the effective date of such other insurance, whether or not such notice has been given."

Rule 5 of the commission is as follows:

"Any insurance carrier having issued a policy to an employer and desiring to cancel or terminate same, shall be required to give 30 days prior notice thereof in writing to the Commission and to the employer. In the event a request for cancellation is occasioned by the employer's having taken coverage with another company or if for any reason the employer chooses to reject a policy presented to him by the carrier, the Commission shall, upon application of the carrier and upon proper showing, waive the 30 day prior notice requirement.

"The employer whose policy has thus been cancelled or terminated, shall, on or before the fifteenth

day after receipt of notice of cancellation or termination thereof, file evidence with the Commission of having obtained other coverage in accordance with the Act; or that he has been rejected by at least three companies registered to write compensation in this State, in which event his request for insurance shall be processed under the assigned risk plan as provided for in Section 50 of the Act.''

■■ We think the commission had the power, under the statute, to promulgate the rule. The statute was embodied into the insurance contract as though written therein. It, in effect, so expressly provides. The main purpose of both is assurance to the commission that eligible employees are protected under the act. ■■ It is urged by appellant that the statute does not cover a binder; that it has reference only to regular insurance policies. It will be noted that Section 33 uses the phrase ''Every contract for the insurance of the compensation herein provided for, or against liability therefor * * * '', etc. A binder is a contract of insurance.

Appellant strongly contends that the requirement of thirty days' notice to the commission of the intent not to renew a policy cannot be applicable to a binder which is to run only fifteen days. The first answer to that is the binders could have been written for sufficient duration to enable the carrier to comply with the law, or not be written at all, and the second is that by the method here adopted,.or any other method not permitting time to comply with the statute, the requirements of the law could be entirely defeated.

■■ We think the insurance was in force as to Russell when he was killed May 26, 1951. Passarelli v. Columbia Engineering & Contracting Co., 270 N. Y. 68, 200 N. E. 583; Otterbein v. Babor & Comeau Co., 272 N. Y. 149, 5 N. E. (2d) 71, 107 A. L. R. 1510.

■■ There were two hearings upon the question of liability, the first on February 9, 1951, at Columbia, and the second on February 26, 1951, at Jackson, Mississippi.

Liability of appellant-carrier was adjudicated after the second hearing. Appellant says no authority existed for the second hearing. On January 13, 1951, the widow of decedent made application "To determine liability of the employer." Due notice was given the employer of such application and the time and place of the hearing The hearing was had on February 9th. Both the employer and the appellant appeared at that hearing and contested the claim. No opinion on liability was given by the attorney-referee upon that hearing. Before any opinion was rendered, and on February 14, 1951, Hattie Mae Russell, the widow, filed an amended application to determine liability of appellant as insurance carrier and also of Rube Morris as employer. Both Morris and appellant appeared and contested the application. Proof was introduced at both hearings. On March 2, 1951, the attorney-referee rendered his opinion, finding that the death of Russell was compensable and that both the employer and the insurance carrier, the appellant, were liable.

No case, or statutory provision, is cited to support the contention here made. The answer is to be deduced from the 1948 Workmen's Compensation Law, supra, in effect when this matter was heard. Section 18 of that law provides that "Informal conferences and hearings in contested cases may be conducted by a commissioner or a duly designated representative of the commission", —in this case the attorney-referee. That section further provides the commission "* * * shall make or cause to be made such investigation as it deems necessary, and upon application of either party, or upon its own initiative, shall order a hearing * * * ". Section 21 empowers the commission upon its own initiative, or upon application of any party in interest, to reopen and re-examine an award, or denial of award, within the time stated in the statute. Section 22 contains this provision: "In making an investigation or inquiry or conducting a hearing the commission shall not be bound by common

law or statutory rules of evidence or by technical or formal rules or procedure, except as provided by this act, but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties''. We find no statute denying the power of the attorney-referee to conduct the second hearing under the circumstances above disclosed, especially since appellant took part in the first hearing and since the attorney-referee had rendered no opinion or finding on that hearing when the amended application was filed for the second hearing and due notice was given appellant of such second hearing and it appeared and contested the amended application.

Affirmed.

**Alexander, Lee, Holmes** and **Arrington, JJ.**, concur.