JIM NIX CAFETERIA, et al. *v.* BURTON.

No. 40085          December 19, 1955          84 So. 2d 164

*Roger B. Shows,* Meridian, for appellant.

*Watkins & Buckley,* Meridian, for appellee.

Lee, J.

### ON MOTION TO REINSTATE.

The appellee heretofore filed a motion to docket and dismiss this appeal. It was shown that an award of compensation was made to her by the attorney-referee on February 1, 1955, for permanent partial disability under Section 6998-09 (c) (21), Code of 1942 Anno., which was subsequently amended on February 8, thereafter. There was no appeal from the award. Subsequently on February 23, 1955, the commission approved the contract of claimant's attorney and awarded for this purpose 25 per cent of the total amount of compensation under Section 6998-32 (c), Code of 1942 Anno., which also provides that an immediate partial lump sum settlement, sufficient to cover such approved attorney's fee, shall be made from payments last to become due. Thereafter on March 12, 1955, the employer filed with the commission a motion to set aside the order for payment of the attorney's fee. This motion was denied. Later, on March 23, the employer attempted to appeal to the circuit court from the order which awarded the attorney's fee. That court dismissed the appeal because it was not taken from the award of compensation, and within the time provided by law.

A copy of the motion to dismiss the appeal here was served in accordance with the rules, but no reply thereto was filed; and, in due course, the appeal was dismissed.

The employer has now filed a motion to reinstate. He offers no reason or excuse why the motion to dismiss was not contested. Neither has there been a compliance with Rule 18, Revised Rules 1953. This would afford ample grounds to overrule.

However, two questions are raised on motion, namely, whether the compensation act authorizes the payment of an attorney's fee in a lump sum in this kind of award, and, if so authorized, whether that part of the act is constitutional.

In Fidelity & Guaranty Co. v. Smith, 211 Miss. 573, 52 So. 2d 351, the Court, under Section 6998-19 (j),

Code of 1942 Anno., approved the commutation to a lump sum of the compensation to which Rosalie Clayton Smith was entitled as the widow of the deceased employee.

The effect of that decision was that, although the remarriage of widows often occurs, that fact is not a sufficient reason to string the weekly payments over a long period of time, when there is good reason to commute them into a lump sum. In such a case the risk is to be determined by the remarriage tables of the Dutch Royal Insurance Institution. In the same way, the probability of the death of the injured employee or his dependents is likewise governed by the American Experience Table of Mortality.

In American Surety Company of New York v. Boykin, 212 Miss. 310, 54 So. 2d 398, there was a partial commutation of future payments of compensation, due Mrs. G. P. Boykin as a dependent of her deceased son, in order to pay the attorney's fee of $750. Under Section 26, Chapter 354, Laws of 1948, the attorney merely had a lien upon the compensation for his fee after its approval by the commission; and the accident occurred on September 30, 1949, prior to the amendment thereof by Chapter 412, Laws of 1950, now contained in a part of Section 6998-32 (c), Code of 1942 Anno., as follows: "When an award of compensation becomes final, and an attorney fee is outstanding, a partial lump sum settlement sufficient to cover the attorney fee approved therein by the commission shall be made immediately, from payments last to become due, and the deductions allowed by the law shall be borne equally by the attorney and the client." The Court quoted the applicable part of Section 13 (j), Chapter 354, Laws of 1948, now Section 6998-19 (j), Code of 1942 Anno., with reference to the payment of the lump sum equal to the present value of future payments, computed at four per cent true discount compounded annually, and the probability of death of the injured employee or his dependents as

determined in accordance with the American Experience Table of Mortality, and the opinion held that these provisions took care of the objections which were urged by the appellant. On this question, the opinion said: ''The above two provisions would serve to take care of the objection urged in the case at bar that to require the attorney's fee to be paid out of the last payments to become due, would mean that the carrier might be compelled to thereby meet the payments for the entire period, even though the employee or dependent may die before the expiration of the period during which he is entitled to compensation.'' The full payment of the attorney was further justified therein on the ground that since, under Section 6998-09 (c) (21), Code of 1942 Anno., the commission has continuing jurisdiction because of change in conditions etc., the attorney must stand ready to protect his client's interest in such contingencies.

In Hardin's Bakeries, Inc. v. Ranager (Miss.), 64 So. 2d 705, the award of compensation for an allergy caused by the nature of the work was affirmed. On motion for allowance of an attorney's fee, the same was approved and ordered paid under the authority of Section 6998-32 (c), Code of 1942 Anno., by commuting future payments into a lump sum for that purpose. Hardin's Bakeries, Inc. v. Ranager (Miss.), 65 So. 2d 461.

It is contended that the commutations, in the decided cases, have been made only where the payment of benefits was to run for a maximum period; but that, in the case here, it is not known whether such payments will run 25 weeks or 450 weeks. But, after the healing period, and when it has been determined that there is a permanent partial disability, it must be presumed, for the purpose of computing the attorney's fee, that the permanent partial disability will continue for the full 450 weeks. It is true that the claimant may be fully restored, in which event, the carrier will pay out more money on the lump sum commutation. But, in the same

way, Rosalie Clayton Smith, after she received the lump sum settlement, might have married again the next day; and Mrs. Boykin's dependency also might have ceased. In both of those cases, in that event, the insurance carrier would have paid out more than the amount which it would have been required to pay, if the commutation had not been made. Such contingencies are a part of the insurance business. A man in good health today may acquire a $25,000 insurance policy, pay a $500 annual premium, and die in sixty days. Of course the company would lose money on that particular policy, but it has actuaries to calculate against all eventualities; and where it perhaps lost on that policy, it would gain on other contracts and be able to stay in business and make a profit.

■■ No constitutional question is necessary for decision here. Employers, liable to pay compensation, are required to insure payment thereof unless exempted therefrom by the commission. Section 6998-38, Code of 1942 Anno. Contracts for the insurance of compensation are deemed to be made subject to the provisions of the compensation act. Section 6998-39 (a), Code of 1942 Anno. See T. H. Mastin & Company v. Russell, 214 Miss. 700, 59 So. 2d 321. Insurers have their eyes open when they write these contracts and there is no compulsion on them to do so.

■ ■ As stated, the original award was made on February 1, 1955, and amended seven days later. The employer did not request or petition for a review by the full commission within twenty days thereafter, and thus the award became final. Section 6998-24, Code of 1942 Anno. Nor was there an appeal from the final award within thirty days. Section 6998-26, Code of 1942 Anno.

For the foregoing reasons it follows that the appeal should not be reinstated, and the motion therefor should be and is overruled.

Motion to reinstate overruled.

All justices concur.