ODEN CONSTRUCTION COMPANY, et al. *v.* TYLER

No. 42683          May 20, 1963          153 So. 2d 294

*Dudley W. Conner,* Hattiesburg, for appellants.

*Robert E. Arrington, Robert M. Sullivan,* Hattiesburg, for appellee.

JONES, J.

When a workmen's compensation case has been appealed to this Court, the case decided by this Court allowing compensation, and then the claimant dies while a suggestion of error is pending before this Court, is the attorney's fee figured upon the full amount of the award in the decision of this Court, or is it figured upon the amount accrued and due at the time of death of the claimant? As we see it, the question has already been answered by this Court, and the fee would have to be figured as a percentage of that amount of installments with interest and damages that have accrued at the time of the claimant's death. The Circuit Court of Forrest County held, on a motion to commute the attorney's fee, that it should be figured on the full benefits which this Court had allowed claimant. The appeal here is from that order of the circuit court.

Sec. 6998-32, Code of 1942, is the section of the workmen's compensation act dealing with attorney's fees. In the first section thereof it is provided: ''Any claim so approved shall, in the manner and to the extent fixed by the commission or such court, be a lien upon such compensation.'' The second paragraph of sub-section (c) of said section, among other things, provides: ''In all instances, fees shall be awarded on the basis of fairness to both attorney and client.'' This second paragraph of subsection (c) also provides that ''. . . it shall be deemed conducive to the best interest of all concerned for the commission to approve contracts for attorney fees voluntarily entered into between attorney and client, within the limitations hereinabove set out.'' A reading of this section discloses that the attorney's fee is actually due from the claimant to the attorney but is secured by a lien on the compensation award. The attorney's fee is derivative from those amounts allowed to the claimant.

The last paragraph of the section aforesaid provides: "When an award of compensation becomes final, and an attorney fee is outstanding, a partial lump sum settlement sufficient to cover the attorney fee approved therein by the commission shall be made immediately, from payments last to become due, and the deductions allowed by the law shall be borne equally by the attorney and the client." This last paragraph was applied in the cases of American Surety Co. of N.Y. v. Boykin, 212 Miss. 310, 54 So. 2d 398, and Jim Nix Cafeteria v. Burton, 226 Miss. 206, 84 So. 2d 164. However, the claimant was not dead in either of those cases and the award was final and outstanding.

The facts in the instant case were that this Court rendered its decision on May 22, 1961 (130 So. 2d 552); a suggestion of error was timely filed and the claimant died on June 10, 1961, while the suggestion of error was still pending before this Court.

The question is was the award by this Court final, or what was the effect of the filing of the suggestion of error and its pendency at the time of the death of the claimant? In Burton v. Redmond, 220 Miss. 704, 71 So. 2d 772, this Court said: "The filing of the suggestion of error on April 13, 1951, suspended the operation of a judgment rendered by this Court on March 15, 1951, until the suggestion of error was disposed of. The suggestion of error was disposed of on May 7, 1951. It was at that time that the judgment of this Court became final."

In M. T. Reed Construction Co. v. Martin, 215 Miss. 478, 63 So. 2d 528, this Court said that an award for disability was ". . . . an award which terminates upon his death, a contingency indeterminate in point of time." In that case, the Court also quoted with approval from Vol. 2, Larson's Workmen's Compensation Law, pp. 51-53:

"In the opening portion of the book, it was pointed out that one of the features distinguishing a compensation award from a tort recovery is the absence of any property right in an award which can survive in favor of heirs. The problem most frequently arises in connection with schedule or other permanent partial awards, when an employee who has been awarded, say, 312 weeks' benefits for loss of an arm dies at the end of 12 weeks. In the absence of a special statute to the contrary, it has been held in most jurisdictions that his heirs have no claim upon the unaccrued 300 weeks' payments, since the award is a personal one, based upon the employee's need for a substitute for his lost wages and earning capacity."

We turn now to the case of L. B. Priester & Son v. McGee, 234 Miss. 471, 106 So. 2d 394, where Judge Lee, at page 398 of the Southern Reporter, said:

"McGee died on March 12, 1958, after 62-4/7 weeks of total temporary and permanent partial benefits of $25 per week or a total of $1,514.30, had accrued and were due and payable. The cause has been revived in the names of his heirs at law, who are entitled to collect the aforegoing amount, plus interest and damages, but no more under this award. M. T. Reed Construction Co. v. Martin, 215 Miss. 472, 61 So. 2d 300, 63 So. 2d 528.

"The question of an attorney's fee is also raised. The appellee contends that the attorney is entitled to 1/3 of the original award for 450 weeks. He cites American Surety Co. of N.Y. v. Boykin, 212 Miss. 310, 54 So. 2d 309, and Jim Nix Cafeteria v. Burton, 226 Miss. 206, 84 So. 2d 164, but, in those cases, both of the claimants were alive at the time of the entry of the final order of award.

"The last paragraph of Sec. 6998-32, Code of 1942, Rec., provides as follows: 'When an award of compensation becomes final, and an attorney fee is outstanding, a partial lump sum settlement sufficient to cover the

attorney fee approved therein by the commission shall be made immediately, from payments last to become due, and the deductions allowed by law shall be borne equally by the attorney and the client.'

"Successive appeals were taken from the order of the attorney-referee, the commission and the circuit court. Consequently the payment of the award has been held in abeyance. Now that the Court is affirming the award, it appears that the claimant is dead. Consequently the Court can award as an attorney's fee, only 1/3 of the amount of the award which had accrued prior to the death of McGee, namely, 1/3 of the $1,514.30 plus interest from the due date of each payment and plus 5 per cent damages; and that will be the order thereon."

We consider the Priester case decisive of this case. The appellant has paid to the estate of the claimant the amount of the accrued installments due to the time of claimant's death, and from this amount the attorneys for the claimant are entitled to 1/3, which the record seems to indicate they have received.

The case is therefore reversed and judgment entered here for appellants.

Reversed and judgment here for appellants.

*McGehee, C. J., Ethridge, Gillespie and McElroy, JJ.,* concur.