ANNA DEY, PETITIONER-RESPONDENT, v.
DAVID KAHN INC., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 12, 1966—Decided September 23, 1966.

Before Judges SULLIVAN, KOLOVSKY and CARTON.

*Mr. Stuart B. Rounds* argued the cause for respondent-appellant.

*Mr. Samuel L. Marciano* argued the cause for petitioner-respondent (*Mr. Walter J. Beronio,* attorney; *Messrs. Florio, Dunn, Marciano & Lypinski,* of counsel).

The opinion of the court was delivered by

SULLIVAN, S. J. A. D. This appeal in a workmen's compensation case involves the payment of the balance of a counsel fee.

Petitioner was injured in a work-connected accident and filed a claim for compensation. After a contested hearing she received a substantial award for partial permanent disability. Her attorney was allowed a counsel fee of $1,300, of which $850 was "assessed" against respondent and $450 against petitioner. Allowances to petitioner's doctors were also apportioned. The judgment dated June 2, 1964 included the following provision:

"Allowances against petitioner shall be paid at $5.00 per week by deducting same from petitioner's check, firstly to petitioner's doctors, then to petitioner's counsel, full payments are to resume thereafter to petitioner until award is fully paid.

\*     \*     \*     \*     \*     \*     \*     \*

Pursuant to the provisions of R. S. 34:15–64, as amended, it is directed that amounts to be deducted for the Petitioner's expenses are to be paid to the persons entitled to the same, the remainder to be paid directly to the Petitioner."

Petitioner died in July 1965, during the period of payments for permanent injury (some $1,700 in payments had not yet accrued), without leaving any dependents. At the time of her death her attorney had been paid the $850 share of counsel fee assessed against respondent, and had received $230 of the $450 share of counsel fee assessed against petitioner.

The Compensation Act contains the following provision (*N. J. S. A.* 34:15-12(e)):

"In case of the death of the person from any cause other than the accident or occupational disease, during the period of payments for permanent injury, the remaining payments shall be paid to such of his or her dependents as are included in the provisions of said section 34:15-13 or, if no dependents, the remaining amount due, but not exceeding $400.00, shall be paid in a lump sum to the proper person for funeral expenses; but no compensation shall be due any other person than the injured employee on account of compensation being paid in excess of 450 weeks on account of disability total in character and permanent in quality as provided by paragraph 'b' of this section."

Counsel for petitioner wrote to respondent requesting payment of the balance of the counsel fee. Respondent refused on the ground that the fee was payable out of the weekly payments to petitioner and, since she had died without leaving dependents, the obligation to pay the balance of weekly payments was terminated (save for the obligation to make the statutory payment on account of funeral expenses).

Counsel then applied to the judge of compensation for an order compelling respondent to pay the balance of counsel fee. After hearing the matter the judge granted the application and ordered respondent to pay said balance amounting to $220, less the 5% commutation discount rate.

On leave granted to appeal from an interlocutory ruling, respondent brings the matter before this court.

Respondent's contention is that under the *N. J. S. A.* 34:15-12(e), *supra,* where petitioner died without leaving dependents, the right to all unpaid weekly payments for her permanent disability which has not yet accrued at the time of her death died with her, and since the attorney's fee in ques-

tion was to be deducted from such payments the unpaid balance of such fee was equally dead.

We do not agree. Under the Workmen's Compensation Act counsel fees are subject to the control of the Division and must be approved by the Division before payment. *N. J. S. A.* 34:15–64 provides, *inter alia,* that the judge of compensation may include in the judgment a reasonable counsel fee not exceeding 20% of the judgment. Under *N. J. S. A.* 34:15–26, the Division or County Court shall settle or determine the amount of compensation to be paid by the injured employee or his dependents to counsel, and shall also determine the amount to be paid per week from the compensation payment on account of the legal fee thus awarded.

Here counsel was awarded a $1,300 fee for his services, $850 of which was assessed against respondent and $450 against petitioner, the latter to be paid at the rate of $5 per week by deducting same from the weekly compensation payments due petitioner. The award to counsel was for services fully rendered and counsel had a vested interest in such award. The amount of the counsel fee assessed against petitioner was payable only out of the weekly sums due petitioner from respondent. In fact, therefore, this portion of the counsel fee was also to be paid by respondent since it was to come out of the award made against respondent.

A workmen's compensation award is a means of providing financial assistance to a workman who has suffered a loss of wages and the permanent impairment of his physical capabilities as the result of a work-connected injury. *Cureton v. Joma Plumbing & Heating Co.,* 38 *N. J.* 326, 331 (1962). Petitioner's death, without leaving dependents, ended the need for continued financial assistance to her. Consequently, compensation payments due petitioner but not yet accrued at the date of her death were no longer payable under the statute *N. J. S. A.* 34:15–12(e). However, that portion of such payments which was to be paid directly to counsel by respondent, belonged to the attorney, and was unaffected by petitioner's death. In short, the statutory abatement related only to that

portion of the weekly payments which would have been received by petitioner had she lived.

We conclude that the judge of compensation properly ordered respondent to pay the balance of counsel fee, less the 5% commutation discount rate.

Affirmed.