PER CURIAM.
Claimant Nathan Eibister suffered a compensable injury on August 21, 1960. At the time of the injury claimant was a 66-year-old taxi driver. An award was entered on September 28, 1962 and affirmed by the full Commission on October 25, 1963. The award was appealed here and on October 21, 1964 this Court remanded the case to the deputy commissioner for entry of an order correcting the compensation rate. S. & J. Mercury Cab v. Eibister, Fla., 168 So.2d 136. The order of September 28, 1962 as modified by said decision requires payment of compensation benefits for permanent total disability. However, the claimant died on April 9, 1963. The Deputy’s order of September 28, 1962 held with regard to attorney’s fees as follows : “The Florida Industrial Commission reserves jurisdiction to determine proper attorney’s fees for the claimant’s attorneys after evidence has been presented on reasonable fees.” Pursuant to the remand the deputy entered the corrected order dated February 19, 1965 and found that at the time of the 1962 hearings before him (March 29, 1962 and July 24, 1962) the claimant had a 7-year life expectancy. Based on medical testimony as to “life expectancy,” and in spite of the fact that the claimant had actually died several months after the hearing from which the “life expectancy” was computed, the deputy in his order of February, 1965 granted claimant’s attorney a fee of $2,600. This fee was based to a large degree on the recovery of benefits claimant would have realized had he actually survived the 7-year expectancy prediction, that is, a total of $8,000. This order was affirmed by the full Commission and is the subject of this appeal.
The principal issue presented for our consideration is whether the deputy commissioner in determining a proper assessment of attorney’s fees should consider the amount actually recovered (as the claimant’s death terminated further benefits) or whether he should award a fee based in part on benefits that would have been paid during the life expectancy of the claimant at the time of the 1962 hearing.
As previously stated, the claimant died on April 9, 1963 at which time the right to compensation benefits ceased. The deputy, however, held a hearing on January 26, 1965 to discuss and determine, inter alia, the life expectancy of the claimant at the time of the original 1962 hearings. We find that we must agree with Petitioners’ contention that since the claimant was already dead there was nothing that could or should be considered regarding life expectancy. The doctor giving his opinion on January 26, 1965 as to how long a person will live after July 24, 1962 is obviously tendering immaterial testimony when, as a matter of fact, the person in question actually died on April 9, 1963. It is the opinion of this Court that since the actual date of death was definitely ascertainable at the time of the January 26, 1965 hearing, this fact outweighs the testimony of a doctor as to probable life expectancy when such testimony was given after said death. The fact that jurisdiction was reserved regarding determination of attorney’s fees does does not alter this conclusion.
It follows from these particular facts that insofar as the amount of the award obtained for claimant is considered as a factor, inter alia, in determining a reasonable attorney’s fee, the same should not be based on what claimant would have received had he survived the medical prediction. However, it is noted that in Matera v. Gautier, Fla., 133 So.2d 732, we said (page 735):
“ * * * It is true that one of the factors to be considered in arriving at a just attorney’s fee is the amount of the award. However, there are a number of other factors of equal importance, such as the novelty of the question presented and the *756 amount of preparation involved. To award an indeterminable fee on the basis of future compensation is to place too great an emphasis on the size of the award and insufficient emphasis on the other elements which go into the determination of the attorney’s fee to be awarded. * * * ”
Thus, the order of the full Commission regarding attorney’s fees is quashed and the cause remanded to the deputy for entry of an order consistent with the views expressed herein.
Respondent Nathan Eibister’s petition for attorney’s fees is denied.
THORNAL, C. J., and DREW, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.