DEKLE, Justice.
Does claimant’s subsequent death terminate (or reduce) a prior award of attorney’s fee in Workmen’s Compensation? It does not.
Permanent total was awarded here with attorney’s fee based in part on claimant’s life expectancy. Claimant died during pen-dency of the appeal. The Commission then reversed the award of attorney’s fee and ordered the Judge to consider whether a reduction of attorney’s fee was not appro *2 priate in light of S. & J. Mercury Cab v. Eibister, 190 So.2d 754 (Fla.1966). Death benefits were voluntarily paid.
In Mercury, claimant died before attorney’s fees were awarded. This Court held that “since the actual date of death was definitely ascertainable at the time of the January 26, 1965, hearing [on the issue of attorney’s fees], this fact outweighs the testimony of a doctor as to probable life expectancy when such testimony was given after said death. * * * [I]n determining a reasonable attorney’s fee, the same should not be based on what claimant would have [emphasis added] received had he survived the medical prediction.” There, the opportunity existed at the time of determination to consider this fact which was then known but was not present at the time of the instant award. The key language in Mercury is that there, the death was “definitely ascertainable at the time of the January 26, 1965 hearing.” Such fact (of death) was not known, however, at the time of determination of attorney’s fee here. When making an award of an attorney’s fee, the Judge is to take into consideration those facts which he has before him at that time. He is not to make his award based on conjecture as to what might happen, but rather on the basis of what has happened and what reasonable medical probability indicates will happen.
In Matera v. Gautier, 133 So.2d 732 (Fla.1961), this Court held that the amount of the award (which would naturally include claimant’s life expectancy), the novelty of the question presented, and the amount of preparation involved, are all equally important considerations in arriving at a just attorney’s fee. If these guidelines are followed, along with those contained in the landmark opinion in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968), the Judge cannot later be reversed because of events occurring subsequent to the award. To hold otherwise would be to deprive every order on the issue of attorney’s fees of any degree of finality. This part of the Commission’s order is modified as to any change in attorney’s fees based on claimant’s subsequent death, and that part of such order is stricken.
It is further evident from the statutory language that no decrease in attorney’s fee was contemplated. Fla.Stat. § 440.34, F.S.A., provides for the award of attorney’s fees and a possible increase thereof, but makes no mention of any decrease. This is not to say that no error in the award of the fee can exist. It, of course, can and it may result either in an increase or decrease, but based on erroneous or inadequate findings.
The propriety of the fee here is further questioned by the Commission’s order on a second ground. The Commission held:
“We note that the employer voluntarily furnished the employee with all benefits required by the act, retaining him on the payroll and then on compensation without filing a notice to controvert. Under the facts of this case the Judge of Industrial Claims should ascertain the applicability of Creighton v. Sears, Roebuck and Co., 190 So.2d 762 (Fla.1966).”
In Creighton, supra, this Court emphasized Fla.Stat. § 440.34(1) F.S.A., which sets forth the three conditions upon which the employer may be compelled to pay attorney’s fees: (1) if the employer shall file a notice of controversy as provided in § 440.20; (2) if the employer shall decline to pay a claim on or before the 21st day after notice thereof; or (3) if the employer shall otherwise resist unsuccessfully the payment of compensation. The employer there “voluntarily furnished the claimant with all benefits required by the statute and stated it intended to do so in the future.” All that the claimant gained in that case was an order adjudging him permanently and totally disabled. We held that this is not the sort of benefit which will justify saddling the employer with fees for claimant’s attorney. In other words, the statute does not authorize an *3 attorney’s fee where all claimant won was a legal label for his disability.
In the case at bar, the Commission pointed out that the employer had voluntarily furnished the employee with all benefits required by the act. With this in mind, the Commission ordered the Judge to ascertain the applicability of Creighton. It should be noted that the Commission did not order the Judge to reduce the amount of the attorney’s fee. It remanded the cause for reconsideration in light of Creighton. Under these circumstances, the Judge may reduce the amount of attorney’s fee under authority of Creighton (NOT under Mercury which is differentiated above) or once again award the same attorney’s fee if the Judge makes additional findings that render Creighton inapplicable or decline a fee if the findings are to the contrary.
Any award of attorney’s fee must be based upon the statute. It is impossible to determine from the present findings whether the victory won by claimant’s attorney had any monetary significance to claimant, as required by the statute before an attorney’s fee can be awarded. In this context, the Industrial Relations Commission did not abuse its discretion in remanding the cause for reconsideration of the attorney’s. fee, in light of Creighton.
Certiorari is granted. The cross-petition has been considered and the same is hereby denied. The order of the Commission is modified to conform with our interpretation of Mercury, supra, and the cause is remanded for further proceedings not inconsistent herewith.
It is so ordered.
ROBERTS, C. J., and ERVIN, BOYD and McCAIN, JJ., concur.