727 P.2d 941

**Golden DAVIS, Plaintiff-Appellee,**

v.

**HOMESTAKE MINING COMPANY, Employer, Self-Insured, Defendant-Appellant.**

No. 8753.

Court of Appeals of New Mexico.

Aug. 19, 1986.

Certiorari Quashed Oct. 23, 1986.

Matthew P. Holt, Eric Scott Jeffries, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for plaintiff-appellee.

Gary Fernandez, Grants, for defendant-appellant.

## OPINION

FRUMAN, Judge.

In this workmen's compensation case, defendant appeals from the judgment awarding benefits and attorney fees to plaintiff. The specific issues are: whether it was error to award total disability benefits during the time of plaintiff's return to his employment; and whether it was error to grant attorney fees based on the present value of the workmen's compensation benefits awarded, rather than on the value of the benefits actually received, since plaintiff died following the award but before the decision on attorney fees. This latter issue is one of first impression in our appellate courts. For the reasons stated in this opinion, we affirm the judgment entered.

### POST–INJURY EMPLOYMENT

Plaintiff suffered a head injury in an accident which arose out of and in the course of his employment as an underground mechanic in defendant's mine. He

continued working for several weeks following the accident and then stopped working for several months while he received medical treatment and surgery for his injury. Plaintiff then returned to his employment for a period of approximately nine months. During this resumed employment, he experienced varying degrees of ill effects deriving from the injury. His health deteriorated to the point where he discontinued working.

Following trial on plaintiff's complaint for workmen's compensation, the court found that plaintiff had been totally and permanently disabled, beginning as of the date of the accident, and entered a judgment awarding him benefits for a period of 600 weeks as of that date. The court reserved jurisdiction on the issue of attorney fees.

Defendant contends that the trial court erred in awarding total disability benefits for the nine-month period of plaintiff's post-injury resumption of employment. In making this contention, defendant attacks several of the trial court's findings of fact which, essentially, are: that, during the period of plaintiff's return to work, he was totally disabled by brain damage; and, during that same period, he was not able to work or attempt to work at any job in view of his age, education, training, general physical and mental capacity, and prior work experience.

Our review is subject to the rule that the trial court's findings shall not be disturbed if supported by substantial evidence acceptable to a reasonable mind as relevant and adequate to support the conclusion. We then view that evidence in the light most favorable to support the findings, and disregard all evidence to the contrary. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985).

Defendant contends that the fact of plaintiff's post-injury resumption of employment constitutes proof of his employability. However, there is also evidence that, during plaintiff's return as an underground mechanic, he suffered pain; he could not tolerate noise; he had headaches; he

dizzy spells, and balance problems; and he was disoriented. There is also evidence that it was dangerous for plaintiff to work in the mine; that his co-workers covered for him; and that he was there only because of his stubborn pride.

There is ample authority for the proposition that an individual may work and also be totally disabled and entitled to workmen's compensation benefits. *Roybal v. County of Santa Fe*, 79 N.M. 99, 440 P.2d 291 (1968); *Lozano v. Archer*, 71 N.M. 175, 376 P.2d 963 (1962); *Maes v. John C. Cornell, Inc.*, 86 N.M. 393, 524 P.2d 1009 (Ct. App.1974); *Adams v. Loffland Brothers Drilling Co.*, 82 N.M. 72, 475 P.2d 466 (Ct.App.1970). While the evidence could have supported a contrary result, our review discloses substantial evidence to support the trial court's finding. Therefore, its decision will be affirmed. *Id.*

## ATTORNEY FEES

Upon entering its judgment for plaintiff on the question of workmen's compensation benefits, the trial court reserved jurisdiction to decide the issue of attorney fees at a later date. During that interim, plaintiff died of causes unrelated to his accidental injury. Later, in deciding the issue of attorney fees, the trial court found that the issue was not dependent upon the fact of plaintiff's death, and computed the present value of the benefits awarded, as of the date of that award, to be approximately $123,000. Unpaid medical bills and rehabilitative services increased the award to $128,000. The court then proceeded to make other findings with respect to the factors set forth in *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979), and in NMSA 1978, Section 52-1-54, and entered an award of $14,500 in attorney fees.

Defendant does not suggest that there is a lack of evidentiary support for the trial court's *Fryar* findings. Rather, defendant asserts that the term "present value of the award made in the workman's favor," a factor to be considered in determining a reasonable fee, (§ 52-1-54(D)(2)), means the value of the award as of the date when the decision on attorney fees is made, and

not its value as of the earlier date when the decision on compensation benefits was made. Under this theory, the "present value" of the award to plaintiff would be substantially reduced, and the question then would be whether the trial court contravened the general percentage guidelines set forth in *Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985). The *Woodson* question arises because, by accepting defendant's interpretation of the present value of the benefits and computing that value to be approximately $34,000, the amount of attorney fees awarded would approach fifty percent of that value.

In *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 595 P.2d 1204 (Ct.App.1978), the meaning and intent of the term "present value of the award made" was analyzed in the context of the possibility of a reduction in compensation benefits based upon a reduced degree of disability after the original trial. We held that "the possibility of a future reduction in benefits cannot be a feasible consideration in the award of attorney fees since such a possibility cannot always be anticipated. In promulgating [§ 52–1–54(D) ], the Legislature did not include such a possibility." *Id.* at 16, 595 P.2d at 1211.

Other jurisdictions have reviewed a situation similar to the one presented in this appeal. Where the employee died following an oral award of compensation benefits and attorney fees, but prior to the entry of a written judgment, the court in *Liberty Mutual Insurance Co. v. Woody*, 640 S.W.2d 718 (Tex.App.1982), upon denying a challenge to the award of attorney fees in these circumstances, found that the "present value" of the future compensation benefits became fixed and definite at the time they were calculated and the attorney's services were completed.

In *Elkhorn Stone Co. v. Webb*, 478 S.W.2d 720 (Ky.App.1972), the employee died and the unpaid balance of his award ceased. Because previously awarded attorney fees were payable out of that balance, the employer contended that payment of the fees also ceased. This contention was rejected, since the right to the fee vested when the award was made and was not affected by subsequent events which reduced the award. *Cf. Basford v. Florida Power & Light Co.*, 246 So.2d 1 (Fla.1971); *Dey v. David Kahn Inc.*, 92 N.J.Super. 250, 223 A.2d 33 (App.Div.1966). In these two cases, attorney fees were awarded prior to the employee's death. Both courts held that a vested interest accrued in the fee award, even though compensation payments to the employees ceased upon their deaths.

Several courts have reached contrary holdings, but they are either distinguishable or inconsistent with New Mexico law. In *S. & J. Mercury Cab v. Eibister*, 190 So.2d 754 (Fla.1966), the worker died before the award of attorney fees. During the award hearing, a physician testified as to the worker's probable life expectancy as of the date of the earlier compensation award. Since the fact of death was known at the time this testimony was given, it was held to be erroneous to base an award of attorney fees on the amount of benefits the claimant would have received had he survived. In contrast, our courts must give a balanced consideration to all *Fryar* factors. *Cf. Woodson*.

In *Oden Construction Co. v. Tyler*, 247 Miss. 21, 153 So.2d 294 (1963), the claimant died while his case was on appeal. Since attorney fees were allowed only upon the final award of compensation benefits, and since the finality of an award was suspended during the pendency of appellate proceedings, the fees awarded were based upon the amount actually received by the worker. In contrast, Section 52–1–54(D) permits fee awards when "the claimant shall thereafter collect compensation through court proceedings." *See Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978).

Following this analysis, it is appropriate that New Mexico adopt the following statement from 3 A. Larson, *The Law of Workmen's Compensation*, Section 83.13(i) (1983):

As a general matter, the claimant's attorney's fee should be based on the facts as to his services in the compensation case as of the time the services were

rendered, and should not be at the mercy of subsequent or collateral events over which he has no control.

*See also Corson v. Brown Products, Inc.,* 120 N.H. 665, 421 A.2d 1005 (1980).

The adoption of this statement will be consistent with our workmen's compensation policies. One such policy is to liberally construe the Workmen's Compensation Act in favor of the employee. *Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975). An equally important policy is to avoid a chilling effect on the worker's ability to obtain adequate representation. *Fryar.*

For these reasons, we hold that the "present value of the award made in the workman's favor" means the value computed as of the date of the award to the workman. Thus, we conclude that the trial court did not err in its evaluation and award of attorney fees in this case.

Plaintiff is additionally awarded $1,000 for the services of his attorney in defending this appeal.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.