MR. JUSTICE SHEEHY,
concurring in part and dissenting:
I concur with that portion of the opinion that finds that the decedent suffered a compensable injury. I dissent from that portion of the opinion that relates to the attorney’s fees.
When this case first came before our conference for the purpose of classification, I contended that we should have oral argument relating to the attorney’s fee issue. The evolution of the opinion convinces me that my position was correct. The attorney’s fee issue is decided in a single paragraph and its rationale is limited strictly to a conclusion that the Worker’s Compensation Court acted reasonably. A lower court’s decision is not “reasonable” simply because we say it is. Ipse dixit (he said so) is not a substitute for judicial dissection and discussion of an issue.
In this case, we have record evidence that the claimant is in perfect health and has a life expectancy of 25.2 years. The attorney representing her is near retirement age. Actuarially, the claimant will outlive her attorney, and under our decision here, the attorney’s estate may be paid for the work the attorney performed in his lifetime. I hope that does not happen, but the possibility shows how absurd the Worker’s Compensation law has become.
The claimant’s attorney compiled a record in this case which deserves the attention of this Court. He called an expert witness, Gene Picotte, a lawyer with 38 years of practice behind him, who specializes in representing compensation clients. Mr. Picotte testified from his experience that contingent arrangements are “absolutely necessary in representing claimants.” Without the possibility of contingent arrangements, most claimants could not afford attorneys or procure them on a fee basis. Indeed if the attorney must advance the costs, as we must admit occurs many times, long delays in collecting his fees can cause problems with cash flow, as Mr. Picotte testified.
*361 Mr. Picotte also indicated that attorneys in the past have always anticipated that there would be lump sum payments in compensation cases. They anticipate receiving as fees a percentage of future benefits. It was his opinion that lawyers will not take cases with long-deferred fees because they cannot aiford to do so. Denial of lump sum attorney’s fees for future benefits frustrates the public policy of compensation for those who cannot competently represent themselves.
Especially, Mr. Picotte emphasized, long-deferred payments would have an adverse effect on older attorneys whose retirement security is compromised.
That record deserves some discussion. It is as important to the proper legal administration of worker’s compensation cases to have an able claimant’s bar available for workers as it is to have fully compensated defense lawyers for the insurers. We are forcing the available bar to become unbalanced.
The position of this Court that there can be no attorney’s fee recovery for future benefits until received is out of sync "with respected authority in the field. Thus in Quam v. Minnesota (1986), 391 N.W.2d 803, the Minnesota Court said:
“We agree with a respected commentator in the worker’s compensation field, . . ., that ‘[a]s a general matter, the claimant’s attorney’s fee should be based on the facts as to his services in the compensation case as of the time the services were rendered, and should not be at the mercy of subsequent or collateral events over which he has no control.’ 3 A. Larson, The Law of Workmen’s Compensation, § 83.13(i) (1983).
Indeed Larson goes on to say that paying the attorney in driblets from weekly installments over a long period means a disproportionate amount of bother for everyone concerned. § 83.13 (j), id.
There is no statute in Montana requiring that an attorney be required to wait over a period of 25 years for his attorney’s fee as it comes in dribs and dabs. The only requirement of § 39-71-611, MCA, once the right to attorney’s fees is established, is that the fees be “reasonable.” Who can contest that the payment of attorney’s fees for services fully rendered over a score or more years is unreasonable?
The standard of appellate review of attorney’s fees in worker’s compensation cases is whether the Worker’s Compensation Court abused its discretion in determining reasonable attorney’s fees. Con *362 way v. Blackfeet Indian Developers Inc. (1985), 217 Mont. 54, 702 P.2d 970. Here the contingency fee contract was approved but the attorney is deprived of the benefit of his contract. There is no reason why the Worker’s Compensation Court could not award reasonably the attorney a percentage of future benefits by a discount factor to determine the present value of the future payments. The attorney in this case offered such a basis. The offer is completely reasonable and should not be denied simply because the worker might die or the widow might remarry. Certainly the Board has enough experience in its own files to determine how many of its widows remarry during the compensation payment period from which a factor could be derived to be applied. As to the actuarial life expectancy of the claimant, the whole business of insurance relies on actuarial tables and it would not be unreasonable for the Worker’s Compensation Court to rely on tables in computing attorney’s fees for future benefits.
We have a serious problem developing in this field. Reputable attorneys who in the past have represented claimants for worker’s compensation are leaving the practice because of the niggardly compensation afforded them by the Worker’s Compensation Division, by the Worker’s Compensation Court, and lately by this Court. The development of an able compensation bar is being hindered. A chilling effect on the worker’s ability to obtain adequate representation is occurring. Davis v. Homestake Mining Company (App. 1986), 105 N.M. 2, 727 P.2d 941. We have blessed contingent attorney’s fees as necessary in the field, but we abrogate the contingent fee contracts by proceeding as we have here. The requirement that no attorney’s fee be paid for future benefits until received is an invention of this Court and we ought to change it.