This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

**v.**                                                                 No. A-1-CA-35879

**PAULA APODACA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Ramsey & Hoon, LLC
Twila A. Hoon
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Defendant Paula Apodaca appeals her conviction in metropolitan court for driving while intoxicated, arguing that the location and operation of a sobriety

checkpoint violated *City of Las Cruces v. Betancourt*, 1987-NMCA-039, 105 N.M. 655, 735 P.2d 1161, that the checkpoint was unreasonable because of a lack of advance publicity, that the evidence at trial was insufficient to support her conviction, and that her arrest was not supported by probable cause. [DS 16-19] Following her conviction, Defendant pursued an appeal in the district court in which she asserted precisely the same arguments that she advances before this Court. [RP 114] This Court's calendar notice observed that no new arguments are being asserted in this appeal and that the district court's memorandum opinion affirming Defendant's conviction "addresse[d] all the arguments raised by Defendant in this appeal" and "is thorough, extensive, and well-reasoned." [CN 2] As a result, we proposed to adopt that memorandum opinion in its entirety. [Id.] Our calendar notice also directed Defendant to "specifically direct" this Court's attention to any portion of the district court's opinion that she claims to contain error, whether factual or legal. [CN 2-3]

{2}     Defendant has filed a memorandum in opposition to this Court's proposed disposition in which she continues to assert the four arguments outlined in her docketing statement. [MIO 2, 7, 8, 10] Having reviewed that memorandum and seeing nothing that was not sufficiently addressed by the district court, we remain unpersuaded and now affirm.

**{3}** Because this Court has proposed to adopt the district court's factual recitation, legal reasoning, and result, Defendant's burden in connection with her memorandum in opposition is to "clearly point out errors in fact or law" contained in the district court's memorandum opinion. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). As Defendant's memorandum does not challenge the facts described in the district court opinion, we turn to Defendant's legal arguments.

**{4}** With regard to potential legal error in this Court's proposed disposition, Defendant's first argument asserts that a sobriety checkpoint was not reasonably located or supervised. [MIO 2-6] As the district court noted, these requirements are intended "to reduce the possibility of improper, unbridled discretion of the officers who meet and deal with the motoring public." [RP 173 (quoting *Betancourt*, 1987-NMCA-039, ¶ 14)] The district court also noted that the police sergeant who selected the site testified regarding his consideration of "the safety aspects of the site, as well as its satisfaction of law-enforcement goals." [Id.] And, with specific reference to supervision of the checkpoint and the risk of "unbridled discretion" in the field, the district court also noted that there was no evidence that the sergeant "interacted with the motoring public in any way." [RP 174] Nothing in Defendant's memorandum

3

persuades us that the sergeant's selection of a site and supervision of the checkpoint rendered the checkpoint—or Defendant's being stopped in that checkpoint—constitutionally unreasonable.

{5} Defendant's second issue involves *Betancourt*'s requirement of advance publicity. [MIO 7-8] As Defendant acknowledges, the degree of publicity is one of eight factors described in *Betancourt*. [MIO 7] All of those factors address concerns surrounding "individual liberty, security, and privacy[.]" *Betancourt*, 1987-NMCA-039, ¶ 10. Although a "media release" was emailed "to print, television and radio media" prior to the checkpoint [DS 2], the State did not prove "that the media was actually notified and that, [Defendant] maintains, should have established that the roadblock was not in concurrence with the requirements for a constitutionally reasonable roadblock." [MIO 7-8] We concur with the district court, however, that the facts surrounding publicity of the checkpoint "did not make the checkpoint unreasonably invasive or intrusive" and that Defendant's "specific concern about the media does not tip the balance against the checkpoint." [RP 175]

{6} As her third and fourth issues, Defendant challenges the sufficiency of the evidence to support both a finding of probable cause and, ultimately, her conviction. [MIO 8-11] Specifically, Defendant draws our attention to evidence of various circumstances that might explain her difficulty parking her car and her poor

4

performance on standard field sobriety tests. [MIO 9-11] Those circumstances include that she is partially blind in one eye; she was unfamiliar with the car, which had a standard transmission; she had to avoid stepping on rocks because a police officer had her remove her shoes; she was nervous; and she was unfamiliar with "what the officer was requesting." [MIO 9-11]

{7}     The opinion of the district court addressed this argument by construing it as an invitation to reweigh the evidence presented to the trial court. [RP 177] Deciding what weight to give the evidence presented at trial, however, is the province of the trier of fact, and appellate courts will not invade that province by second-guessing or reweighing that evidence. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. Thus, the sole question to be addressed on appeal is whether the trial court's "decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Ultimately, Defendant asks this Court, as she asked the district court, to determine that the evidence supporting the officer's belief she was under the influence of alcohol, as well as the evidence of guilt offered at trial, was outweighed by alternative evidence that other factors might have led to her behavior and performance. The district court properly rejected this argument, and we do the same.

{8} Accordingly, for the reasons set forth in our notice of proposed summary disposition and in the district court's memorandum opinion, Defendant's conviction is affirmed.

{9} **IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____

**J. MILES HANISEE, Judge**


_____

**HENRY M. BOHNHOFF, Judge**