O’CONNELL, Justice.
We are asked to review by certiorari an order of the Florida Industrial Commission reversing and remanding an order of the deputy commissioner which awarded compensation for permanent total disability and other benefits.
Petitioner-claimant received a com-pensable injury to his back on August 13, 1962 while in the employment of the respondent as an air conditioning mechanic. Respondent-employer voluntarily paid for medical treatment, including two operations, and continued to pay claimant his full salary, whether or not he worked, until October 10, 1964, at which time payments were reduced to $42 per week, the maximum amount payable under the act. At the time of the hearing on petitioner's claim for further medical benefits and temporary total or permanent partial or total disability benefits, the employer was still paying the $42 per week and had expressed the intention of continuing such payments until the “problem resolves itself.” Moreover, employer had offered claimant further medical treatment at the place of his choice, including Mayo Clinic and Johns Hopkins, but petitioner had refused. The employer did not controvert the claim.
At the hearing, three doctors, including one appointed by the deputy, testified that claimant had sustained a permanent functional impairment ranging from 17 to 35 percent of the body as a whole. Claimant testified that he was in continual pain that prevented him from doing even light work on a sustained basis. An employment expert testified for claimant to the effect that his back injury kept him from performing any employment that he was qualified for. However, at the end of his cross-examination he appeared to acknowledge that claimant’s abilities as an air conditioner mechanic could be turned to other available employments, especially that of small appliance repair.
The deputy found that claimant had reached maximum improvement in January, 1964 and that he had sustained a functional impairment of 25 percent of the body as a whole. As to the degree of compensable disability, he held:
“15. That claimant has no experience or training to qualify him for light sedentary work and because of the condition of his back he is not able to work uninterruptedly even at light work; that no stable market exists for the limited services that claimant can now perform in the fix he is in; that due to his permanent injury claimant is not capable of steadily performing or engaging in remunerative employment; that due to *764 said back injury claimant had suffered a total loss of wage earning capacity.”
The deputy further held that claimant’s attorney was entitled to a reasonable fee, but reserved jurisdiction to determine the amount of such fee later.
The full commission reversed, holding that the evidence, including the testimony of the employment expert that claimant’s skills could be turned to work such as small appliance repair, belied a finding that he was completely incapacitated from doing any remunerative work. The cause was remanded to the deputy with directions to “determine specifically whether or not claimant does have a potential employable future in some capacity.”
Claimant presents seven questions, but it is only necessary to answer one, to-wit: whether there was competent substantial evidence to support the deputy’s award of permanent total disability. We answer this question in the affirmative and hold that the full commission erred in reversing the deputy.
It is apparent from its order that the full commission analyzed and evaluated the evidence anew, took a different view of it, and reached conclusions at variance from those of the deputy. It matters not whether the commission, or we, would have found and concluded as the deputy did; the commission’s function, and ours, is to determine whether the deputy’s findings are supported by competent substantial evidence which accords with logic and reason.
The deputy’s order is complete and well done. Despite the contrary statements in the commission’s order the deputy’s order indicates that he did consider the evidence relating to claimant’s working for six months at a light-work job specially provided by the employer which job the claimant testified he quit because of pain. The deputy’s order reveals also that he considered the testimony given by the employment expert to the effect that claimant was not employable because of his back injury. This expert’s testimony, that claimant’s skills as an air conditioning mechanic could be put to use in small appliance repair, does not belie a finding of permanent partial disability. For the evidence shows that the claimant had tried this type work for six months and found that he could not continue it. Thus, while he had the skills he could not employ them because of suffering pain from the injury.
We conclude that the full commission overstepped the bounds of appellate review, substituting its judgment for that of the deputy rather than merely determining whether there was sufficient evidence to support the deputy’s order.
In its cross-petition the employer complains that the deputy erred in finding that the claimant was entitled to an attorney’s fee, and that the full commission erred in not reversing the deputy on this issue. We find the employer’s position correct.
Sec. 440.34(1) sets forth three conditions upon which the employer may be charged to pay' attorney’s fees: (1) that the employer files a notice of controversy as provided in Sec. 440.20; (2) that the employer decline to pay a claim on or before the 21st day after notice thereof; or (3) that the employer otherwise resist unsuccessfully the payment of compensation. None of these conditions are to be found in this case.
As noted earlier the employer voluntarily furnished the claimant with all benefits required by the statute and stated it intended to do so in the future. All that the claimant gained in this litigation was an order adjudging him permanently and totally disabled. This is not the sort of benefit which will justify saddling the employer with fees for claimant’s attorneys. The workmen’s compensation act is in *765 tended to be self-executing without necessity of resort to legal or administrative proceedings. A. B. Taff & Sons v. Clark, Fla.App. 1959, 110 So.2d 428. Unless the employer wrongfully refuses to pay or furnish benefits of the act to the claimant he is not to be charged with paying fees for claimant’s attorneys. ■
This leads to the conclusion that the deputy committed error in finding that the claimant was entitled to an award of attorney’s fees.
The petition and cross-petition are issued to the extent indicated herein, the order of the full commission is quashed, and the cause is remanded with directions to enter an order vacating that part of the deputy’s order awarding fees and reinstating the remainder thereof.
It is so ordered.
THORNAL, C. J., and DREW, CALDWELL and ERVIN, JJ., concur.