ERVIN, Justice.
We review by certiorari the order of the Florida Industrial Commission reversing the order of the Deputy Commissioner entered in this case.
The Dputy found: Claimant (Petitioner) Orville M. Martin, Jr. was injured on May 20, 1965 in his employment with Respondent Coral Sea Phillips 66 when a car fell on him off a jack stand while he was installing a transmission. His average weekly wage then was $125. His injury initially was fractures of ribs and contusions of the right side. He was treated by a Dr. Smith until June 7, 1965 when he returned to work. On November 1, 1965 he was seen by a Dr. Hall, suffering chest pain and pain in the lumbar area of his back. On June 13, 1966 he was hospitalized and was treated by a Dr. Chiong for a severe lumbar sprain. He was paid temporary total disability compensation from May 28, 1965 through June 6,1965.
On July 16, 1966 the Respondent carrier controverted on the ground that claimant’s difficulty was not due to the accident of May 20, 1965. Thereupon a claim was filed on July 20, 1966 for additional temporary total, temporary partial and permanent partial disability benefits, and payment for medical treatment.
From July 7, 1965 through June 12, 1966 claimant had to do work involving only light lifting because of pain in his chest and back. He was paid $100 per week during this period by Respondent employer.
Claimant was unable to work because of back pain for three months after discharge from the hospital on July 28, 1966. Claimant’s lumbar sprain was caused by his injury of May 20, 1965.
Pursuant to the above findings, the Deputy ordered claimant to be paid temporary partial disability from July 7, 1965 through June 12, 1966, and temporary total disability from June 12, 1966 through October 28, 1966, and his hospital and medical bills and an attorney’s fee.
The full Commission reversed, saying: “* * * it is our opinion that there is merit in the employer and carrier’s contention that there is no competent substantial evidence to show that the claimant’s back condition is causally related to his industrial accident. We note that the treating physician, Dr. James A. Smith, stated in his deposition that the claimant never mentioned any back complaints to him while under his care. In fact, we can find no testimony in the record to indicate that the claimant’s lumbar sprain was causally related to the industrial accident of May 20, 1965. It appears that the judge of industrial claims relied upon the testimony of Dr. Chiong who examined the claimant more than one year after the accident. We gain the impression from Dr. Chiong’s testimony that the claimant injured his back approximately one month before said examination, which he diagnosed as a right lumbar sprain. Accordingly, it appears to us that Dr. Chiong’s opinion is based on an inaccurate history or a possible intervening accident, and thus cannot be considered competent substantial evidence. We further note that the judge, in his finding in paragraph 4 of his Order, stated, in part: * * On November 1, 1965, the claimant was seen by Dr. Marshall Hall at which time he was complaining of chest pain and pain in the lumbar area of his back.’ Our careful review of the record and the transcript fails to reveal to us any evidence to support said finding with the exception of the testimony of Dr. Smith, who stated that the claimant was referred to Dr. Hall due to his complaint of chest pains. Furthermore, the record reflects that the time lapse between the date of *10 the accident and the claimant’s first complaint concerning a back condition is over one year.”
Reference to the transcript discloses the claimant testified he had pain in his back two or three days after his accident of May 20, 1965; that the back pain is continuous and has never cleared up. He testified he was treated immediately after the accident by Dr. Smith. He testified concerning his return to work in June, 1965 and that he had to do lighter work, receiving a lesser wage, because of the trouble to his back. He testified he never had any problem with his back before the accident and had not injured his back since the car fell on him. He stated that after his initial treatment by Dr. Smith he received medical treatment from Dr. Hall for his back. Finally, he came under the care of Dr. Chiong in June, 1966 for his continuing back problem and was hospitalized and put in traction.
The discrepancy noted by the full Commission in Dr. Chiong’s testimony of the history claimant gave him of his trouble, namely, that claimant’s back was injured approximately one month before Dr. Chiong examined him in June, 1966 does appear in the record. Dr. Chiong testified that the claimant had told him he hurt his back “while this jack slipped off while he was working under the car. This was approximately a month before I saw him. He came to see one doctor, Dr. Smith, in particular. He was under treatment by him.” It is obvious Dr. Chiong was mistaken in saying that from the history given him the back injury occurred approximately one month before he saw claimant. Except for this single discrepancy the remainder of Dr. Chiong’s testimony of his patient’s history appears consistent with claimant’s version of it and relates to the May 20, 1965 accident. But, more conclusively, it appears in the record that Dr. Chiong in his own handwriting in the hospital records noted in June, 1966 that claimant’s injury was over a year ago. He wrote: “[claimant] had a back injury over a year ago after a car fell on him while working underneath. He has been on medication on and off since. Seen in office with extremely severe lumbrosacral spasm.”
There is testimony in the record of lay, or nonmedical, witnesses corroborative of claimant’s testimony that his back trouble resulted from the accident of May 20, 1965.
Dr. Smith testified that a back injury to claimant did not result from the May, 1965 accident. He deposed he saw and treated claimant in a hospital in Homestead, Florida on May 20, 1965, the day of the accident ; that during the month thereafter while he treated claimant x-rays were taken which showed some fractures of ribs and contusion on the rib cage; that only claimant’s chest was x-rayed, but no x-rays of his low back were taken, and that claimant did not complain of pain in the low back. There was no testimony received from Dr. Hall, a bone specialist, to whom Dr. Smith testified he had referred claimant after the latter came back to Dr. Smith with only chest complaints subsequent to Dr. Smith’s initial treatment. However, claimant’s testimony contradicted Dr. Smith’s because he testified he told Dr. Smith of the pain in his back at the time of his initial treatment and that Dr. Smith advised him “it was more or less caused from the chest pain or from my rib and it was more or less I took it as that.”
Admittedly there are some gaps and conflicts in the testimony; however, there is substantial and competent evidence in the record, particularly from claimant, his supporting lay, or nonmedical, witnesses, and from Dr. Chiong, upon which the Deputy’s award in favor of claimant can be logically predicated. It appears to us that the Deputy had the prerogative to believe the testimony offered in support of the claim, namely, that in addition to the claimant’s chest and rib injury and pain, he *11 also suffered from back trouble and pain oil and off continuously after the May, 1965 accident and as a result thereof.
Under the long prevailing rule the full Commission cannot, under the circumstances related, properly reach a different conclusion of the evidence from that of the Deputy. See Creighton v. Sears, Roebuck & Co. (Fla.), 190 So.2d 762; Fleischer’s Inc. v. Bryant (Fla.), 196 So.2d 418, and United States Casualty Co. v. Maryland Casualty Co. (Fla.), 55 So.2d 741.
Accordingly, the order of the full Commission is quashed with direction that the Deputy’s order be reinstated.
It is so ordered.
CALDWELL, C. J., and DREW and THORN AL, JJ., concur.
HOPPING, J., dissents.