PER CURIAM.
Appellants challenge the finding of the judge of industrial claims that claimant’s attorney is entitled to an attorney’s fee of $1,000 based upon the fact that benefits accorded claimant by a settlement agreement exceeded the amount originally offered claimant prior to his obtaining counsel. Additional medical examination was voluntarily provided upon request. A prior order approved the parties’ joint petition subject to their stated inability to agree on the amount of an attorney’s fee.
Under the law applicable to this claim, attorney’s fees are regulated by § 440.34(1), Fla.Stat., providing that fees may be recovered in only three instances: (a) where the employer/carrier files notice of controversy; (b) where the employer/carrier declines to pay a claim on or before the 21st day after they have notice of the claim; or (c) where the employer/carrier unsuccessfully resists payment and the injured person employs an attorney and successfully prosecutes the claim. See Creighton v. Sears, Roebuck and Co., 190 So.2d 762 (Fla.1962); and Retirement Center v. Eichman, IRC 2-3172 (June 2, 1977).
The record in this case contains no indication that the carrier filed a notice of controversy, or that any claim was filed. Further, it does not show that the employer/carrier unsuccessfully resisted payment of benefits claimed or requested. The order awarding attorney’s fees is accordingly reversed except to the extent of $100.00, the amount as to which the record evidence supports the award of a fee for appearance at claimant’s deposition.
McCORD, SHAW and WENTWORTH, JJ., concur.