995 So.2d 1153 (2008)
Jerry JENNINGS, Appellant,
v.
NATIONAL LINEN SERVICES and Gallagher Bassett Services, Inc., Appellees.
No. 1D08-2480.
District Court of Appeal of Florida, First District.
December 5, 2008.
*1154 Douglas F. Miller of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellant.
Mary Cruickshank of DuBois & Cruickshank, P.A., Tallahassee, for Appellees.
PER CURIAM.
Claimant challenges an order of the Judge of Compensation Claims (JCC), which grants his claim for authorization and provision of a physiatrist, but denies attorney's fees and costs. Pursuant to section 440.34(3)(a), Florida Statutes (1997), we affirm.

Background
Claimant sustained injuries in a workplace accident and is receiving permanent total disability benefits from the Employer Carrier (E/C). As a result, Claimant was under the care of pain management physician Dr. Barangan. Four months into his treatment of Claimant, Dr. Barangan indicated he was discontinuing the pain management area of his practice and recommended Claimant's continued care be transferred to a physiatrist. On July 12, 2007, Claimant's counsel informed the E/C of Dr. Barangan's recommendation and requested authorization of a physiatrist. The E/C authorized Claimant's request and began its attempts to locate a physiatrist.
On November 6, 2007, Claimant filed a PFB seeking "authorization and provision of an evaluation with a physiatrist ... as prescribed by Dr. Branagan ... and as denied/refused by the employer/carrier." At the time of hearing, the E/C had not located a physiatrist to take over Claimant's care and treatment. The E/C had, however, attempted to schedule appointments with at least five physiatrists, four of whom declined to treat Claimant after reviewing his records.[1] Despite difficulties in locating a physiatrist, the E/C continued to authorize and Dr. Barangan continued to provide Claimant with such care and treatment as the nature of his injuries required.
Ultimately, the JCC entered an order granting Claimant's request for authorization and provision of an evaluation with a physiatrist, but denying his request for attorney's fees. In its denial of attorney's fees, the JCC reasoned that "the intervention and efforts of Claimant's attorney have secured no benefit not otherwise being provided Claimant by the E/C."

Analysis
An E/C has an affirmative duty to furnish all "remedial treatment, care, and attendance" necessary to treat an employee's workplace injury. § 440.13(2)(a), Fla. *1155 Stat. (1997). An E/C is not responsible for paying a claimant's attorney's fees unless a JCC first determines the E/C wrongfully refused to furnish benefits to the claimant. See § 440.34(3)(a), Fla. Stat. (1997); see also Creighton v. Sears, Roebuck & Co., 190 So.2d 762, 764 (Fla.1966) (holding where an E/C voluntarily furnishes a claimant with all benefits required by the statute, states its intention to continue doing so and does not controvert the claim, the claimant is not entitled to an award of attorney's fees).
Here, it is undisputed that the E/C voluntarily furnished Claimant with care and treatment and continued to provide such benefits, uninterrupted, while it diligently searched for a physiatrist to take over Claimant's care. As in Creighton, the E/C did not refuse to furnish benefits or unreasonably delay Claimant's receipt of care and treatment. All Claimant truly achieved from this litigation was an order confirming a benefit he was already receiving. Consequentially, Claimant gained nothing from this litigation that would warrant payment of attorney's fees.
Had the JCC found the E/C unreasonably delayed appointment of a physiatrist, or if, because of the E/C's actions, Claimant was not receiving treatment for his condition, it would be appropriate to award attorney's fees. See § 440.34(3)(a), Fla. Stat. (1997). However, Claimant did not allege bad faith, unreasonable delay, or even that the E/C could have acted faster to locate a physiatrist to take over his care. Claimant simply requested the JCC confirm what the parties had already agreed.
To award Claimant attorney's fees, this Court would have to interpret section 440.34(3)(a) as holding that fees would be due whenever an E/C agrees to provide a requested treatment, particularly one that may be rare or limited, and the treatment or the services cannot be provided before a hearing can be held. Such a holding would essentially re-write the statute and discourage the self-executing nature of the worker's compensation system.

Conclusion
The record indicates the E/C voluntarily furnished Claimant with all required benefits and demonstrated intent to continue doing so. We, therefore, affirm the JCC's order denying Claimant's request for attorney's fees.
AFFIRM.
BARFIELD, DAVIS, and HAWKES, JJ., concur.
NOTES
[1] It is unclear why the parties did not use the fifth physiatrist.