PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals, and Claimant cross-appeals, an order of the Judge of Compensation Claims (JCC) which both denied reconsideration of dismissal of a petition for benefits (PFB), and awarded attorney’s fees to Claimant in an amount smaller than Claimant requested. Both parties’ positions have merit in part, as explained following a brief summary of the undisputed facts below.
Claimant suffered a compensable accident in October 2008, received medical care, and returned to work in the same capacity until April 2010, when she moved to Orlando to live with her daughter. In July 2010, she filed the first of three PFBs, all of which included claims for attorney’s fees. In response to this first PFB (July PFB), the E/C provided some benefits but then moved to dismiss the PFB, arguing Claimant had not made a good faith effort to resolve the dispute before filing the PFB, as is required by section 440.192(4), Florida Statutes (2008).
During that dispute, Claimant filed two more PFBs, one in November 2010 (November PFB), seeking a psychiatrist and some neurological tests, and one in January 2011 (January PFB), listing claims identical to those in the July PFB. In response, the E/C provided all requested benefits, but did not pay attorney’s fees.
Shortly thereafter, the JCC granted the E/C’s motion to dismiss the July PFB, and dismissed it without prejudice, granting “leave to amend within 20 days.” Claimant moved for reconsideration of this ruling, and also moved for attorney’s fees based on obtaining the benefits requested *178 in the July and November PFBs. The E/C responded to the fee motion, asserting no fees were due on the July PFB because that PFB did not comply with section 440.192(4), and no fees were due on the November PFB because the E/C had provided the requested benefits within thirty days. The JCC declined to revisit dismissal of the July PFB, but found the July PFB was amended by the January PFB, and awarded fees, but at a lower hourly rate than requested, and excluding time spent defending against the motion to dismiss the July PFB.
On appeal, the E/C makes two arguments: that fees based on the July PFB are precluded by section 440.192(7), Florida Statutes (2008), which provides a JCC “may not award attorney’s fees payable by the carrier for services expended or costs incurred prior to the filing of a petition that does not meet the requirements of this section”; and that fees based on the November PFB never attached under section 440.34(3), Florida Statutes (2008), which provides, “attorney’s fees shall not attach under this subsection until 30 days after the date the carrier or employer, if self-insured, receives the petition.” On cross-appeal, Claimant presents three arguments: that the July PFB complied with section 440.192(4) because it included on its face the required certification that she or her attorney “has made a good faith effort to resolve the dispute and ... was unable to resolve the dispute with the carrier”; that, as a consequence, the fee award should have included the time spent opposing the E/C’s motion to dismiss the July PFB; and that no evidence supports the JCC’s finding as to the appropriate rate of hourly pay.
We conclude Claimant’s first two arguments have merit. The JCC erred in dismissing the July PFB, both because section 440.192 does not independently give the JCC authority to “go behind” a counsel’s representations of good faith effort to resolve the dispute in a PFB, and because, although Florida Administrative Code Rule 60Q-6.125 arguably would permit the E/C to seek sanctions for failure to comply with section 440.192, the E/C did not meet the procedural requirements of that rule. It follows that the JCC erred in excluding from the fees the hours spent on the motion to dismiss; therefore, we reverse the JCC’s order in this respect. We affirm, however, the JCC’s finding as to the reasonable hourly fee rate.
We also conclude the E/C’s second argument has merit. The JCC awarded fees on the November PFB on the reasoning that, although the E/C sent a letter to a physician scheduling service within thirty days of the filing of the PFB, the letter “was not addressed to any doctor in particular.” This was error under Jennings v. National Linen Services, 995 So.2d 1153 (Fla. 1st DCA 2008), wherein this court upheld the denial of fees despite the E/C’s inability to secure a physiatrist in response to the claimant’s claim, because there was no allegation of bad faith; to the contrary, the E/C diligently “attempted to schedule appointments with at least five physia-trists, four of whom declined to treat Claimant after reviewing his records.” Here, as in Jennings, the E/C sufficiently established authorization as of the date of the letter, by casting a broad net to a group of physicians, indicating willingness to authorize whichever agreed to undertake the work. We distinguish Harrell v. Citrus County School Board, 25 So.3d 675 (Fla. 1st DCA 2010), on its context; it required the naming of a specific doctor only to obtain a change of physician, whereas the psychiatrist at issue here was the first requested. Therefore, we reverse the award of fees based on benefits in the November PFB.
*179 AFFIRMED in part, REVERSED in part, and REMANDED for recalculation of the total fee amount.
DAVIS, WETHERELL, and SWANSON, JJ„ concur.