PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) on his motion for employer/carrier-paid (E/C-paid) attorney’s fees. The JCC awarded approximately half of the requested fees. We reverse the exclusion of the remainder of the requested fees, and hold that, because entitlement to fees is tied to the securing of a benefit, the amount of fee for securing any given benefit should include all attorney time reasonably necessary to secure that benefit.
As background, Claimant suffered a compensable injury on September 28, 1999, and the E/C accepted the injury as compensable and authorized Dr. Kalaji to be Claimant’s primary care provider (PCP). Eventually, Dr. Kalaji discontinued seeing workers’ compensation patients, and Claimant requested authorization of a new PCP. The parties mediated the claim on September 12, 2012, and at mediation the E/C agreed to authorize a new PCP, and conceded entitlement to E/C-paid attorney’s fees for securing that benefit. The E/C had trouble finding a doctor who would agree to serve as PCP *1171 for Claimant, so Claimant moved to enforce the mediation agreement, which ultimately — after several orders from the JCC — resulted in the E/C’s selecting Dr. VerVoort to be Claimant’s new PCP on December 7, 2012. The JCC did not include the fees incurred between the mediation and the authorization of Dr. VerVoort (except for the time expended on receipt and review of both the mediation report and the order cancelling the pretrial conference and final hearing), and it is these excluded fees which Claimant now seeks.
The JCC reasoned that Claimant was “entitled” to E/C-paid fees for the attorney time expended before the mediation, but not “entitled” to E/C-paid fees for the time expended after mediation because the E/C did not act in bad faith or unreasonably delay the authorization of a new PCP. It was error for the JCC to conceptualize the attorney time as two distinct periods of “entitlement” because all of the fees in dispute were alleged to be associated with a single benefit (authorization of Dr. VerV-oort as the new PCP). This error is not harmless because entitlement to fees for securing that benefit had already been stipulated to. See § 440.34, Fla. Stat. (1999).
The JCC based his ruling largely on Jennings v. National Linen Services, 995 So.2d 1153 (Fla. 1st DCA 2008), which involved the issue of entitlement to an E/C-paid attorney’s fee. In Jennings, the claimant’s pain management physician forewarned the E/C that he was planning to discontinue his practice, but the E/C had difficulty locating a physiatrist to take over claimant’s care. Id. at 1154. In the meantime, the physician continued to furnish care and treatment, uninterrupted, and when the JCC ultimately entered an order authorizing a new physiatrist, the JCC denied E/C-paid attorney’s fees, reasoning that the claimant’s attorney had not secured any benefit not otherwise being provided by the E/C. Id. This court affirmed, explaining that a claimant is not entitled to an E/C-paid fee “unless a JCC first determines the E/C wrongfully refused to furnish benefits to the claimant” and, in that case, there was no such determination because it was undisputed that the E/C provided the claimant all required care and treatment while it searched for a physiatrist to take over his care and the claimant did not allege bad faith, unreasonable delay, or even that the E/C could have acted faster in locating a new physia-trist. Id. at 1155.
Jennings is distinguishable because, here, the question before the JCC was the amount of the attorney’s fee award, not entitlement to a fee. The proper legal test for the amount of fee is whether the attorney time alleged was reasonable and required to secure the benefit. See § 440.34(1), Fla. Stat. (1999) (“a fee ... may not be paid ... unless approved as reasonable”); § 440.34(l)(a), Fla. Stat. (1999) (stating JCC shall consider factors to include “[t]he time and labor required”). The JCC here did not apply that test, which error is likewise not harmless, given that the JCC found Dr. VerVoort was authorized “as a result of’ his orders, which were prompted by Claimant’s motion to enforce, and given this court’s prior analogous holding that a “one-time” change of physician under section 440.13(2)(f), Florida Statutes, has not been authorized until the E/C has named at least one doctor. See Harrell v. Citrus Cnty. Sch. Bd., 25 So.3d 675 (Fla. 1st DCA 2010); see also Great Am. Indem. Co. v. Williams, 85 So.2d 619 (Fla.1956).
We therefore reverse the ruling on appeal, and remand for the JCC to determine what amount of the fees incurred between the mediation and the authorization of Dr. VerVoort was reasonable and necessary for Claimant’s counsel to secure *1172 that benefit, and to enter an order accordingly. The remainder of the order is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.